UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN HARGROVE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO et al.,<br><br>　　　　　　　Defendants. | Case No.: 21-CV-1491-CAB-WVG<br><br>**ORDER ON MOTION TO DISMISS**<br><br>[Doc. No. 7] |

　　　In his complaint, Plaintiff alleges that Defendants the City of San Diego, the City Attorney, and an assistant city attorney, encouraged, pressured, and/or threatened Plaintiff's employer, NBC7, to take adverse employment action against Plaintiff, a reporter for NBC7, because he wrote unfavorable stories about a real estate transaction involving the City.  NBC7 allegedly "capitulated to Defendants' threats and took adverse employment action against Plaintiff, which included barring him from further reporting regarding the City of San Diego. . . ." [Doc. No. 1 at ¶ 61.]  The complaint attempts to assert a claim under 42 U.S.C. § 1983 that Defendants' actions violated his free speech rights under the First Amendment of the Constitution.

　　　On December 16, 2021, the Court held a hearing on Defendants' motion to dismiss the complaint.  In the order setting that hearing, the Court expressed skepticism that Plaintiff has a First Amendment right to work for NBC7, or that the actions taken by NBC7

with respect to Plaintiff's employment could give rise to a claim against Defendants under 42 U.S.C. § 1983 for violation of Plaintiff's First Amendment free speech rights. At the hearing, Plaintiff's counsel conceded that there is no precedent supporting Plaintiff's position that an individual has a First Amendment free speech right to write for a particular news outlet. The Court declines to create such a First Amendment right for the first time here.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011). Neither requirement is satisfied by the complaint. As to the first requirement, a "reporter has no free-standing First Amendment right to have her articles published by a privately-owned [news outlet] for which she works." *Rivoli v. Gannett Co.*, 327 F. Supp. 2d 233, 241 (W.D.N.Y. 2004) (quoting *Manson v. Little Rock Newspapers, Inc.*, 42 F.Supp.2d 856, 865 (E.D.Ark.1999)). As to the second requirement, NBC7 "is a private entity, not a governmental entity, and thus is legally incapable of violating anyone's First Amendment rights." *Manson v. Little Rock Newspapers, Inc.*, 200 F.3d 1172, 1173 (8th Cir. 2000). If NBC7 is incapable of violating Plaintiff's First Amendment rights via an adverse employment action, then necessarily any encouragement or pressure by Defendants on NBC7 related to such an adverse employment action would not result in a violation of Plaintiff's rights.

Ultimately, even assuming that Plaintiff could allege facts (as opposed to the speculation and conclusions in the current complaint) that Defendants encouraged or pressured NBC7 to take adverse employment action against Plaintiff in retaliation for articles he wrote, "[a]ny First Amendment rights germane to this case are those of [NBC7], not those of [Plaintiff], a reporter employed in service of [NBC7]." *Id*; *see also Rivoli*, 327 F.Supp. 2d at 241 ("It is true that, if a governmental body or official interferes with a newspaper's decisions about what to publish or not publish, that may violate *the newspaper's* First Amendment rights.") (*emphasis* added). Moreover, Defendants had

"right[s] of [their] own to be openly critical of plaintiff's stories . . . and for that matter of plaintiff [him]self." *Id.* at 243. "That does not convert [NBC7's] response to that criticism into state action. . . . [I]f mere criticism of the news media by a state official amounted to governmental coercion, First Amendment violations would abound." *Id.* Accordingly, because Plaintiff has not and cannot state a claim for a violation of his First Amendment rights arising out of Defendants' alleged pressure on NBC7 to take an adverse employment action against Plaintiff, the first claim for relief under 42 U.S.C. § 1983 must be dismissed.

Having dismissed Plaintiff's sole federal claim, the Court's "decision of whether to exercise supplemental jurisdiction over the remaining state law claims 'is purely discretionary.'" *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG (CAB), 2011 WL 3489955, at *4 (S.D. Cal. Aug. 9, 2011) (*quoting Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also Holt v. First Franklin Fin. Corp.*, No. C 10-5929 SBA, 2011 WL 4595195, *4 (N.D. Cal. Sept. 30, 2011) ("When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.") (citing 28 U.S.C. § 1367(c)(3)).

Here, because the Court is dismissing the only federal claim at the outset of the litigation, it is more appropriate to decline supplemental jurisdiction over the state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)). Plaintiff remains free to pursue his second through fourth claims for relief in state court.

In light of the foregoing, it is hereby **ORDERED** that Defendants' motion to dismiss the first claim for relief in the complaint is **GRANTED** and that claim is **DISMISSED**

1    **WITH PREJUDICE**.   It is further **ORDERED** that because the Court declines
2    supplemental jurisdiction over the remaining state law claims, those claims are
3    **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to pursue them in state court.
4        It is **SO ORDERED**.
5    Dated:  December 17, 2021

                                                      Hon. Cathy Ann Bencivengo
                                                      United States District Judge